789 P.2d 399

TUCSON ELECTRIC POWER COMPANY, Valencia Energy Company, and San Carlos Resources, Inc., Arizona corporations, Plaintiffs/Appellants,

v.

ROUND VALLEY UNIFIED SCHOOL DISTRICT NO. 10 OF APACHE COUNTY, a school district, Apache County, a body politic and corporate, Lavere O. Connolly, as Treasurer of Apache County, Defendants/Appellees.

No. 2 CA-CV 89-0185.

Court of Appeals of Arizona, Division 2, Department B.

March 8, 1990.

Fennemore Craig by James Powers and John N. McKeegan, Phoenix, for plaintiffs/appellants.

DeConcini McDonald Brammer Yetwin & Lacy by John R. McDonald, Tucson, and Gust, Rosenfeld & Henderson by Fred H. Rosenfeld, Phoenix, for defendants/appellees.

Apker, Apker, Haggard & Kurtz by Burton M. Apker, Jerry L. Haggard and Gerrie Apker Kurtz, Phoenix, for amicus curiae The Arizona Tax Research Ass'n.

Shelley & Bethea by J. LaMar Shelley, Mesa, for amicus curiae League of Arizona Cities and Towns.

## OPINION

LIVERMORE, Presiding Judge.

On May 19, 1987, voters in defendant Round Valley Unified School District voted on four bond propositions: $9.5 million for renovation and construction in Springerville, $5 million for a new school in Eagar, $11 million for a domed athletic facility ("the Dome") at the high school, and $3.5 million for a new high school gymnasium. All four measures passed. However, because the voters had been informed on the ballot that if the Dome received approval it rather than the gymnasium would be built, the District began planning and construction of the Dome. Plaintiffs, Tucson Electric Power Company and its subsidiaries, who pay 85% of the taxes in the District unsuccessfully brought suit to enjoin construction of the Dome. On appeal, they contend that the Dome is not a "school building" within the meaning of A.R.S. § 15–491(A)(3), that the election was unfair, that the election ballot did not comply with applicable statutes, and that the trial court erred in refusing to allow an amendment of the complaint on the day of trial. Finding no error, we affirm.

 Because a physical education facility is a "school building" under A.R.S. § 15–491(A)(3) for which bonds may be issued, *Alexander v. Phillips*, 31 Ariz. 503, 254 P. 1056 (1927), and because the trial judge found on the basis of substantial evidence that the primary use of the Dome

was as a high school athletic facility, Tucson Electric is reduced to arguing that an extravagant athletic facility, or one for which non-school uses are contemplated, cannot qualify as a school building. No authority is cited for either proposition and we reject them. Courts do not determine the wisdom of public expenditures; voters do. Arizona statutes expressly provide for non-school uses of school buildings. See A.R.S. §§ 15-363, -364 and -1105; A.R.S. § 11-952. That such uses may exist in the future, therefore, does not make a school facility not a school facility. There is nothing in law, nor in common sense, to require rural areas to duplicate facilities so that school buildings remain uninfected by other citizen uses.

 The superintendent of the District, as well as other supporters of the bond issue, informed voters that 85% of the cost of the bonds would be borne by plaintiffs. This, the trial court found, at least as to the superintendent, violated a duty of treating plaintiffs in an even-handed manner. The court also found that a breach of this duty did not influence the election. Plaintiffs question the latter finding. We do not reach that contention because we reject the breathtaking proposition that courts may control political speech through the imposition of some duty of fairness. The remedy for "unfair" speech is more speech, not the silencing of the speaker or the invalidation of an election in which the speech occurred. See *Tilson v. Mofford*, 153 Ariz. 468, 737 P.2d 1367 (1987).

 Plaintiffs next argue that the ballot, by providing that gymnasium bonds would not be issued if Dome bonds were approved, violates the provision of A.R.S. § 15-492(B) that the "words upon the ballot shall be: 'bonds, yes' and 'bonds, no.'" Those words did appear after both the Dome and gymnasium bond proposals on the ballot. Plaintiffs contend, however, that the alternative provision created a category of "bonds, maybe" which is unauthorized by statute. This argument is without merit. There is nothing in the statute to forbid alternative bonding proposals. Nor would sensible public policy require a

school to put its favored proposal to the electorate and then, if it failed, to put another proposal in a separate election.

 Finally, plaintiffs argue that the trial court erred in refusing them leave to amend their complaint on the day of trial to allege additional unfairness in the election campaign. For two reasons, we disagree. First, an amendment at this late date would have required a delay in the trial; denial of an amendment in these circumstances is not an abuse of discretion. *Owen v. Superior Court*, 133 Ariz. 75, 649 P.2d 278 (1982). More fundamentally, for the reasons discussed above, there is no cause of action for unfair political speech.

Affirmed.

HATHAWAY and LACAGNINA, JJ., concur.